8-5-24

TO Charles

I'm sending you this letter asking for a sentence reduction under the New Amendment 821. I have 7 Points so I am eligible for a sentence reduction by law. I sent more then 5 letters to this court and to my lawyers and I haven't goten any reply. I will like to know why I haven't got any reply back to my letters. I don't know if it's a time limit or what. But I been sending letters from Nov 2023 till now. So my letters telling the courts that I'm eligible for a sentence reduction under Amendment 821 should be on file

Section 3582(c)(2), which governs this motion, "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Dillon v. United States, 560 U.S. 817, 826 (2010). Under application note 1(A) to Section 1B1.10: "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)."

As noted in the Probation Office's Supplemental Presentence Report ("Supp. PSR"), Defendant's amended Guidelines range is 197-217 months' imprisonment, as opposed to the 212-235 months' imprisonment range that was in effect when the Court sentenced the defendant in 2013. (Supp. PSR at 3).



RECEIVED AUG 14 2024 U.S.D.C. W.P.

However, even where a defendant qualifies for potential relief, the Court may deny the motion and must "consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. note 1(B)(i); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). The Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.

Notwithstanding the amended range, the Court finds that the Section 3553(a) factors that the Court considered at sentencing argue strongly against reducing Defendant's sentence, especially considering that the sentence imposed remains within the new guidelines range. First, the seriousness of the offense conduct makes a reduction in sentence inappropriate in this case. Defendant played a critical role in the Elm Street Wolves. As described in the PSR, Defendant sold crack on Elm Street and carried multiple guns when he did so, including a MAC-11. (PSR ¶¶ 60-61). Defendant also engaged in shootings, beatings, and armed robberies. (PSR ¶ 104). He also facilitated violence when he shared firearms with others knowing that those firearms would be used to protect and enable the Wolves' drug trafficking operations. (PSR ¶ 60).

Also, since his conviction, Defendant has accumulated a troubling disciplinary record while in prison. (Supp. PSR at 4-5). For example, he was disciplined in June 2023 for possessing a dangerous weapon, and in October 2023 for threatening bodily harm to another person. (Id. at 5). As recently as June 8, 2024, Defendant was sanctioned for engaging in disruptive conduct and lost the equivalent of 41 days' worth of good conduct time. (Id.) As his prison disciplinary record shows, Defendant remains a violent felon, convicted in this case of participating in narcotics trafficking and related firearms offenses, and adjudged to have committed numerous violations while incarcerated. Thus, the combination of a need to promote respect for the law and to provide adequate general and specific deterrence, as well as consideration of Defendant's personal history and characteristics lead this Court to decline to exercise its discretion to lower Defendant's sentence.

So Ordered. 10/1/24

JAMES EDMONSON 65606054
FCI Raybrook
PO Box 900
Raybrook NY 12977

ALBANY NY 120
12 AUG 2024 PM 1 L



RECEIVED
AUG 14 2024
U.S.D.C.
W.P.

65606-054
Charles L Brieant
300 Quarropas ST
White Plains, NY 10601
United States

10601-414000